IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JOYCE JOPLIN,**

                **Petitioner,**

v.                                          **Case No. 25-CV-01330-SPM**

**STATE OF ILLINOIS,**

                **Respondent.**

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

      This matter comes before the Court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner Joyce Joplin. (Doc. 1). Joplin seeks relief from a state court judgment terminating her parental rights, and alleges numerous constitutional violations committed in the adjudication of the custody of her children. (*Id.*, p. 1). This Petition is now before the Court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Rule 4 provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See id.*

      Under 28 U.S.C. § 2254(a), a "person in custody pursuant to the judgment of a State court" may seek a writ of habeas corpus from a federal district court "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A petitioner for a writ of habeas corpus must be "in

custody" for purposes of federal habeas corpus for a district court to have jurisdiction to hear the petition. *Stanbridge v. Scott*, 791 F.3d 715, 718 (7th Cir. 2015) (citing 28 U.S.C. § 2254(a)); *Maleng v. Cook,* 490 U.S. 488, 490 (1989). To be in custody within the meaning of § 2254, the United States Supreme Court has historically required that a petitioner suffer substantial restraints on their liberty as a result of a state court criminal conviction, and as such, the typical habeas petitioner is a prisoner seeking to challenge their conviction. *Holm v. Strange*, No. 116CV02036MHHSGC, 2016 WL 7407099, at *2 (N.D. Ala. Dec. 22, 2016) (citing *Lehman v. Lycoming Cty. Children's Servs. Agency*, 458 U.S. 502, 510 (1982)); *see Carradine v. Wisconsin*, No. 24-CV-1092-JPS, 2024 WL 4039889, at *3 (E.D. Wis. Sept. 4, 2024) ("The essence of habeas corpus is an attack by a person 'in custody' upon the legality of that custody, and the traditional function of the writ is to secure release from illegal custody.") (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); § 2241(c)(3) and 2254(a))) (cleaned up).

"Over time, the Supreme Court has broadened the definition of in custody to include more than physical confinement in a jail or prison; it has held, for example, that a person on parole remains in custody under his unexpired sentence." *Carradine*, 2024 WL 4039889, at *3 (citing *Johnson v. Boline*, No. 24-CV-842-PP, 2024 WL 3442404, at *3 (E.D. Wis. July 17, 2024); *Maleng*, 490 U.S. at 491). Nonetheless, the Supreme Court has never held that habeas corpus may be invoked to challenge state-court decisions regarding parental rights or child custody. *Holm*, 2016 WL 7407099, at *2 (citing *Lehman*, 458 U.S. at 510−11). "Although a federal

habeas corpus statute has existed ever since 1867, federal habeas has never been available to challenge parental rights or child custody," and to extend the definition of "in custody" for purposes of federal habeas corpus to include state court adjudications of child custody or parental rights "would be an unprecedented expansion of the jurisdiction of the lower federal courts." *Lehman*, 458 U.S. at 511.[1] Thus, as a general rule, a district court lacks jurisdiction to hear a writ of habeas corpus where the petitioner claims they are "in custody" or deprived of their liberty pursuant to a state court adjudication related to the termination of their parental rights or custody of their children. *See Anderson v. Dep't of Child. & Fam. Servs.*, No. CV 15-180-AB PLA, 2015 WL 1541513, at *1 (C.D. Cal. Apr. 3, 2015) (finding that petitioner was not "in custody" as defined by § 2254 where his children had been removed from his custody pursuant to a California juvenile dependency hearing and thus lacked jurisdiction to hear the petition); *Cartwright v. Gipson*, No. 1:13-CV-00069-AWI, 2013 WL 1832684, at *3 (E.D. Cal. May 1, 2013) (finding that, even where petitioner was incarcerated to a state court criminal conviction, he was not "in custody" for purposes of § 2254 where he only sought to challenge a judgment separate from his criminal conviction regarding the termination of his parental rights with respect to his two minor children); *Holm*, 2016 WL 7407099, at *3

---

[1] This Court additionally notes that the *Lehman* Court held that "the children who had been placed in foster homes" were also not in custody for purposes of § 2254 "because being in the custody of foster parents is little different from the way that other children are in the custody of their natural or adoptive parents" and that "the custody of foster parents is not the type of custody that can be challenged through a § 2254 petition." *Anderson v. Dep't of Child. & Fam. Servs.*, No. CV 15-180-AB PLA, 2015 WL 1541513, at *1 (C.D. Cal. Apr. 3, 2015) (quoting *Lehman*, 485 U.S. at 510−11) (internal quotations omitted). Joplin has not argued that it is her children who are "in custody" in her Petition.

(finding that "[t]here is nothing in the [emergency habeas] petition or the attachments to it that suggest that extreme circumstances exist in the state court custody proceedings that would create a basis for an exception to the broad general rule that the Supreme Court stated in *Lehman*" and thus finding that, petitioners, alleging their children were unlawfully taken from their custody by the State, were not "in custody" as defined by § 2254).

Joplin states in her Petition that she "seeks relief from a state court judgment terminating her parental rights" and that she was "convicted and sentenced in Bond County, Illinois."[2] (Doc. 1, p. 1). She alleges that, "[a]lthough she is not physically incarcerated, she is in constructive custody as a result of the termination of her parental rights" in two matters originating in Bond County Circuit Court. (*Id.*). As a result of these judgments, she faces "severe legal disabilities on her liberty interests in family integrity, qualifying as custody for habeas purposes." (*Id.*).

The Court finds that Joplin is not in custody for purposes of § 2254. Joplin's alleged "constructive custody" due to the termination of her parental rights and the restriction of her liberty interests as a result does not constitute her being "in custody" as defined by the Supreme Court, nor does this Court find any circumstances alleged warranting a departure from the Court's rule announced in *Lehman* declining to extend the definition of "in custody" to encompass the

---

[2] While Joplin states that she has been "convicted and sentenced" pursuant to the two Bond County matters, it does not appear to this Court that the two Bond County Circuit Court cases which she cites, 2023-JA-9 and 2023-JA-10, are criminal matters. *See, e.g., In re Ch. C.*, 2024 IL App (4th) 240517-U, ¶ 5 (Ill. App. Ct. 2024).

termination of parental rights. *Lehman,* 458 U.S. at 510−12; *see Holm*, 2016 WL 7407099, at *3. Accordingly, this Court lacks jurisdiction to adjudicate her petition for federal habeas corpus relief pursuant to § 2254.

## Conclusion

For the reasons set forth above, Joyce Joplin's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED** and this case is **DISMISSED without prejudice** for lack of subject-matter jurisdiction. The Clerk of Court is **DIRECTED** to close this case on the Court's docket.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts instructs the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. 2253(c)(2) provides that a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."

To meet this standard, the petitioner "must have a constitutional claim (or an underlying procedural argument on which a constitutional claim depends), and he must 'demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong.'" *United States v. Fleming,* 676 F.3d 621, 625 (7th Cir. 2012) (quoting *Tennard v. Dretke,* 542 U.S. 274, 281 (2004)); *see Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Joplin has not made a substantial showing of the denial of a constitutional right. Having thoroughly reviewed the record before the Court, the undersigned

concludes that reasonable jurists would not find the disposition of this case debatable or wrong. Accordingly, this Court **DENIES** issuance of a certificate of appealability.

**IT IS SO ORDERED.**

**DATED: July 30, 2025**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
